UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 16-2902 DSF (PLAx) | Date | 7/20/16 |
| Title | Donald Tumblin v. USA Waste of California, Inc., et al. | | |

DALE S. FISCHER, United States District Judge

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiff | Attorneys Present for Defendants |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Plaintiff's Motion to Remand (Doc. # 13) and GRANTING Defendant's Motion to Dismiss (Doc. # 17)

Plaintiff Donald Tumblin seeks remand, arguing that the Court has neither diversity nor federal question jurisdiction. Defendant USA Waste of California, Inc. (UWC) moves to dismiss Plaintiff's claims, arguing that (1) some of Plaintiff's claims are preempted by the NLRA, and (2) Plaintiff fails to state claims for discrimination, wrongful termination, retaliation, harassment, or failure to prevent harassment. The Court found these matters suitable for disposition without oral argument and previously removed them from the Court's calendar.

## I.
## PROCEDURAL BACKGROUND

On December 14, 2015, Plaintiff filed an amended complaint (DFEH Complaint) with the Department of Fair Employment and Housing (DFEH) alleging that UWC retaliated against him for complaining about age discrimination, and discriminated against and wrongfully terminated him on the basis of age in violation of the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

Fair Employment and Housing Act (FEHA).  Doc. # 1, Ex. I.[1]  The DFEH closed the complaint and issued a right to sue letter.  Id.

On March 10, 2016, Plaintiff filed his complaint in Los Angeles Superior Court alleging: (1) wrongful termination in violation of public policy; (2) discrimination based on age; and (3) retaliation.  UWC removed the case.  Plaintiff then filed his First Amended Complaint (FAC), adding his former supervisor[2] Mike Grimm[3] as a defendant - and adding a harassment claim against all defendants, and a failure to prevent harassment claim against UWC.

## II.
## FACTUAL BACKRGROUND

Plaintiff worked for UWC and its predecessor beginning in June 1981.  As an employee of UWC, Plaintiff was a member of the Package and General Utility Drivers Local Union No. 396 (Union), and the terms and conditions of Plaintiff's employment were subject to a collective bargaining agreement (CBA).  Article 7 of the CBA provides:

> Grievances shall be limited to disputes arising as to the meaning or application of any provisions set forth in this Agreement.  Any Employee who believes he has a grievance may present it orally to his supervisor for adjustment with or without his Union representative.  If the grievance is not settled by this procedure, and the Employee wishes to carry it further, he must file his grievance in writing with the Union and a copy sent to the Employer no later than ten (10) working days following the event giving rise to his grievance.  The parties hereto shall exercise every amicable means to settle or adjust such grievance.

Doc. 1, Ex. A at 12.  Article 22 of the CBA provides that "there will be no discrimination by the Company of the Union because of an Employee's . . . age."  Id. at 21.  Article 23 provides that the Company may test employees for alcohol and controlled substances if the employer reasonably suspects that the employee has used alcohol or controlled substances and may immediately terminate an employee who tests positive for controlled substances.  Id. at 22.

---

[1]  The Court notes that Defendant failed to comply with the Court's rules concerning exhibits and pagination on paper copies, making review of the documents difficult and time-consuming.  Further failures to comply with the court's rules and orders may result in sanctions.

[2]  Grimm is described as "Supervisor and/or Manager."  FAC ¶ 7.

[3]  This Defendant is sometimes referred to as "Grimm" and sometimes as "Grim."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

According to the FAC, in 2013, Plaintiff began to suspect that UWC was discriminating against employees on the basis of age. On one occasion, Plaintiff and other employees were called into the training room where they were shown a video that "depicted older employees . . . as lazy, careless and constantly breaking the rules." FAC ¶ 14. Plaintiff complained to Grimm, but Grimm brushed off his concerns. Plaintiff also began to notice that older employees, especially employees over 50, were being terminated under circumstances where a younger employee would not be terminated. He again complained to Grimm and Grimm again dismissed his concerns.

On July 16, 2014, Plaintiff was injured while working, and was later written up for being careless. Plaintiff believed the write-up was unwarranted and believed that younger employees would not have been written up for similar conduct, so he filed a grievance. Grimm asked why Plaintiff filed the grievance. After Plaintiff explained, Grimm told Plaintiff he could not win and told Plaintiff he had to remove the grievance. Plaintiff refused.

On November 7, Plaintiff was instructed to take a random drug test. Plaintiff explained that he had used the restroom before arriving and was not able to produce enough urine for the test. He was given water and two more opportunities, but still was not able to produce enough urine.

On November 11, Plaintiff was questioned regarding the urine tests. On November 13, he was notified that he was suspended pending investigation of what had occurred on November 7. On November 20, Plaintiff was notified that he was terminated because he "failed to produce a sufficient specimen [of urine] within the time allowed and therefore the result was returned as a refusal." FAC ¶ 26.

**III.
DISCUSSION**

A.  **Plaintiff's Motion to Remand**[4]

1.  **Diversity Jurisdiction**

---

[4] Local Rule 7-3 requires counsel to meet and confer at least seven days before filing a motion. The parties dispute whether Plaintiff satisfied the meet and confer requirement. The Court declines to address the issue. Both parties are admonished to comply with the Local Rules in the future. Failure to do so may result in sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

MEMORANDUM

District courts have diversity jurisdiction over civil actions in which (1) complete diversity of citizenship exists and (2) the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). There is an "exception to the requirement of complete diversity . . . where a non-diverse defendant has been 'fraudulently joined.'" Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). "Joinder of a non-diverse defendant is deemed fraudulent, and the defendant's presence in the lawsuit is ignored for purposes of determining diversity, '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.'" Id. (quoting McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987)).

In a notice of removal, the defendant need only include a "short and plain statement of the grounds for removal." 28 U.S.C.A. § 1446.

### a.    Jurisdictional Amount and UWC's Domicile

Plaintiff does not contest the amount in controversy, but argues remand is required because UWC is not diverse from Plaintiff. But UWC alleges that it is a citizen of Texas, its principal place of business, and Delaware, its place of incorporation, supporting these allegations with a declaration from Defendant's vice-president/secretary. This is sufficient at this point in the proceedings. Plaintiff's assertion that UWC was created "solely to do business in the state of California," does nothing to address the statutory requirements for diversity or cause the Court to question its jurisdiction.

### b.    Sham Defendant

After removal, Plaintiff amended his complaint to add Grimm, a California domiciliary. Plaintiff argues that Grimm is not a sham defendant. The Court disagrees because Plaintiff fails to state a claim against Grimm and because this failure is obvious under state law. See Morris, 236 F.3d at 1067.

Before bringing a FEHA claim, an employee must exhaust his administrative remedies by filing a DFEH complaint within one year of the date of the alleged unlawful practice and receiving a notice of his right to sue. Cal. Gov't Code § 12960. Typically, an employee must exhaust his administrative remedies for all of his claims. This means that a plaintiff cannot bring additional claims that are not within the scope of his DFEH complaint and cannot bring claims against defendants not mentioned in the DFEH complaint. Nazir v. United Airlines., Inc., 178 Cal. App. 4th 243, 266 (2009); Medix Ambulance Serv., Inc. v. Superior Court, 97 Cal. App. 4th 109, 115-18 (2002).

However, the DFEH complaint is "construed in light of what might be uncovered by a reasonable investigation" and claims are deemed exhausted if they are sufficiently

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

related to claims alleged in the DFEH complaint such that the defendants would be put on notice of such claims. Nazir, 178 Cal. App. 4th at 268; accord Chung v. Pomona Valley Community Hospital, 667 F.2d 788, 792 (9th Cir.1982) (quoting Oubichon v. N. Am. Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973))[5] (allowing plaintiff to allege an additional instance of a denied promotion where that denial was "like or reasonably related" to the allegations in his EEOC complaint that he was denied promotions on other instances).

The Court disagrees that Grimm's alleged harassment "would have been identified in [a] reasonable investigation" of wrongful termination, discrimination, and retaliation. MTR Reply at 3. Plaintiff did not mention Grimm in his DFEH complaint – filed by the same attorneys who represent him here. Nor did he allege harassment, which is the only claim he brings against Grimm. The December 14, 2015 DFEH complaint[6] stated:

> On or around August 11, 2015, complainant alleges that respondent took the following adverse actions against complainant: Discrimination, Retaliation Terminated [sic], Complainant believes respondent committed these actions because of their: Age - 40 and over, Engagement in Protected Activity
> . . .
> Complainant believes he was terminated from his employment in retaliation for engaging in a protected activity because Complainant was terminated after filing a grievance through the union. Complainant believes his filing of a grievance against his employer through his union was a motivating factor of his termination, even though other factors may have contributed to his Termination. Complainant also believes that he was terminated from his employment due to his age because other coworkers in and around Complainants [sic] age were being terminated from their employment without just cause while younger employees were not being terminated and replacing older aged employees. Complainant believes that his age was a motivating factor of his termination, even though other factors may have contributed to his termination.

---

[5] "California courts have relied on interpretations of Title VII to construe FEHA's administrative exhaustion requirement." Tapia v. Artistree, Inc., No. CV 14-01381 DDP ASX, 2014 WL 3724074, at *3 (C.D. Cal. July 25, 2014). See Nazir, 178 Cal. App. 4th at 266-67. The Court has therefore considered the cases cited by Plaintiff in support of his claim that he fulfilled the exhaustion requirement under Cal. Gov't Code § 12960, but has found each of these cases distinguishable.

[6] Plaintiff's September 17, 2015 DFEH complaint was identical except for the date the alleged activity took place, which was previously stated as November 13, 2014. Doc. # 1, Ex. I at 26.

Doc. # 1, Ex. I at 6-7.  Arguably the actions identified in the DFEH complaint might be attributable to Grimm.  The DFEH complaint speaks to Plaintiff's termination, and Grimm, as Plaintiff's supervisor, might have been involved in the decision to terminate Plaintiff.  However, even now, the FAC contains no such claim.  Nor did the related case filed in this Court name Grimm as a defendant or contain a claim of harassment.  The Court concludes Plaintiff's harassment claim against Grimm is not reasonably related to any of the actions mentioned in the extremely vague DFEH complaint.  <u>Wills v. Superior Court</u>, 195 Cal. App. 4th 143, 157 (2011), <u>as modified on denial of reh'g</u> (May 12, 2011) ("A claim the [defendant] discriminated against [the plaintiff] by firing her based on her mental disability is distinct and different in nature from a claim [that the plaintiff's] coworkers harassed her during her employment, especially given the lack of any evidence her coworkers harassed [the plaintiff] based on her disability.").

Plaintiff failed to exhaust his administrative remedies with respect to his harassment claim against Grimm and has therefore failed to state a claim against Grimm.

## 2.    **Federal Question Jurisdiction**

Because the Court has diversity jurisdiction, it need not decide whether it also has federal question jurisdiction.

## B.    **UWC's Motion to Dismiss**

### 1.    **Legal Standard**

"Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.  Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . .  claim is and the grounds upon which it rests."  <u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007) (ellipsis in original; internal quotation marks omitted).  But Rule 8 "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows an attack on the pleadings for failure to state a claim upon which relief can be granted.  "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint."  <u>Erickson</u>, 551 U.S. at 94.  However, allegations contradicted by "matters properly subject to judicial notice or by exhibit" need not be

accepted as true, Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); and a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Id. (alteration in original; citation and internal quotation marks omitted). A complaint must "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. This means that the complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

Ruling on a motion to dismiss will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." Id. (alteration in original; internal quotation marks and citation omitted).

Leave to amend should be granted even if the plaintiff did not request leave, unless it is clear that the complaint cannot be cured by the allegation of different or additional facts. Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995). In determining whether to grant leave to amend a complaint, a district court is guided by Rule 15(a), which states that "leave shall be freely given when justice so requires." Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990) (internal quotation marks omitted).

However, the district court must consider several factors in determining whether leave to amend is proper, such as "(1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Id. (citation omitted); see also Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." Allen, 911 F.2d at 373 (citation and internal quotation marks omitted); see also Cafasso, 637 F.3d at 1058.

### 2. **NLRA Preemption**

UWC seeks dismissal of Plaintiff's discrimination, harassment, and termination claims on the basis that such claims are preempted by the NLRA. When the activity a plaintiff challenges is "arguably subject" to Section 7 or 8 of the NLRA, state courts and "federal courts must defer to the exclusive competence of the [NLRB] if the danger of

state interference with national policy is to be averted." San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 245 (1959). Garmon preemption does not alone provide a basis for removal. Ethridge v. Harbor House Restaurant, 861 F.2d 1389, 1400 (9th Cir. 1988). But because this Court has diversity jurisdiction, this Court must determine whether the activities Plaintiff challenges are "arguably subject" to Section 7 or 8 of the NLRA - and therefore whether Plaintiff's claims are preempted by the NLRA.

Section 7 protects an employee's right to join labor unions, bargain collectively, and engage in concerted activities "for the purpose of collective bargaining or other mutual aid or protection." 29 U.S.C. § 157. Section 8 prevents employers from interfering with an employee's right to join labor unions and bargain collectively or from engaging in unfair labor practices. 29 U.S.C. §158.

The NLRA only protects concerted activities. NLRB v. Mike Yourosek & Son, Inc., 53 F.3d 261, 264 (9th Cir. 1995).

> To be engaged in concerted activity, an employee must act with or on behalf of other employees, and not solely by and on behalf of the . . . employee himself. The Act does not require that employees combine with one another in any particular way. If a single employee, acting alone, participates in an integral aspect of a collective process, the activity may nonetheless be considered concerted for purposes of the Act.

Id. at 264 (internal citations and quotations omitted; alterations in original).

The "'honest and reasonable invocation by a single employee of a right contained in a collective bargaining agreement is a concerted activity.'" Retlaw Broad. Co. v. NLRB., 53 F.3d 1002, 1006 (9th Cir. 1995) (quoting NLRB v. Howard Elec. Co., 873 F.2d 1287, 1291 (9th Cir.1989)). This is because asserting rights bargained for under a CBA is an "extension of the concerted action that produced" the CBA. NLRB v. City Disposal Sys. Inc., 465 U.S. 822, 829 (1984).

There is an exception to Garmon preemption where the activity is merely a peripheral concern of the NLRB or "touche[s] interests so deeply rooted in local feeling and responsibility that, in the absence of compelling congressional direction, [a court] could not infer that Congress had deprived the States of the power to act." Garmon, 395 U.S. at 244. In Sears, Roebuck & Co. v. San Diego Cty. Dist. Council of Carpenters, 436 U.S. 180, 196 (1978), the Supreme Court identified two inquiries that determine whether a departure from the Garmon doctrine is warranted: (1) whether there is a "significant state interest in protecting the citizen from the challenged conduct" and (2) whether the "exercise of state jurisdiction . . . entail[s] little risk of interference with the regulatory jurisdiction" of the NLRB. "In the context of state laws touching on conduct that is arguably prohibited by the NLRA, the Court in Sears reduced these two factors to a

single test." Retail Prop. Trust v. United Bhd. of Carpenters & Joiners of Am., 768 F.3d 938, 953 (9th Cir. 2014).

> The critical inquiry . . . is . . . whether the controversy presented to the state court is identical . . . or different from . . . that which could have been, but was not, presented to the Labor Board. For it is only in the former situation that a state court's exercise of jurisdiction necessarily involves a risk of interference with the unfair labor practice jurisdiction of the Board which the arguably prohibited branch of the Garmon doctrine was designed to avoid.

Id. (quoting Sears, 436 U.S. at 197).

### a. Retaliation Claim

#### i. Concerted Activity

Plaintiff first claims there is no evidence of concerted activity. He alleges UWC retaliated against him for complaining about age discrimination. FAC ¶ 53. In his DFEH complaint, which he incorporates into his FAC by reference, he stated this claim more specifically, alleging that "he was terminated from his employment in retaliation for engaging in a protected activity because [he] was terminated after filing a grievance through the union." FAC ¶ 27, Ex. A. Plaintiff seems to have complained to Grimm and filed a grievance for three reasons: (1) the age discrimination depicted in the training video FAC ¶ 14; (2) he noticed that "older-aged employees, especially the ones over the age of 50, were being terminated under circumstances where a younger employee would not be" FAC ¶ 15; and (3) he was written up for being careless "when other younger employees would not be written up." FAC ¶ 17. It is at least arguable that Plaintiff acted for the mutual aid and protection of his co-workers, a protected activity under Section 7 of the NLRA, and that UWC interfered with Plaintiff's right to engage in such protected activity by retaliating against Plaintiff in violation of Section 8 of the NLRA.

Because Plaintiff's right to file a grievance was bargained for under his CBA, this was a concerted activity. Further, at least with respect to his complaints about the training video and UWC's alleged practice of replacing older employees with younger employees, Plaintiff was asserting the right to be free from discrimination, which affected the rights of numerous employees.

The Court finds the evidence of concerted activity here even more convincing than in City Disposal. There, the Supreme Court held that an employee engaged in concerted activity when he complained that he was unable to drive his truck or a coworker's truck because both vehicles had faulty brakes. City Disposal, 465 U.S. at 826-30. The Court held that even though the employee was acting alone and on his own behalf, his actions

still constituted concerted activity because he was asserting a right bargained for under the CBA and because by asserting his rights under the CBA, he affected the rights of all employees covered by it. Id. at 830, 86-37. Here, when Plaintiff complained about the allegedly discriminatory training video and UWC's alleged practice of replacing older employees with younger employees, he was not doing so on only his own behalf, but on behalf of older individuals, a group that Plaintiff suspected was being discriminated against.

Plaintiff contends that an employee must act "with the actual participation or on the authority of his co-workers" in order for his action to be deemed concerted. MTD Opposition at 5 (quoting Prill v. NLRB, 835 F.2d 1481, 1483 (D.C. Cir. 1987), cert. denied 128 LRRM 2664 (June 20, 1988)). The Court disagrees. When the NLRB articulated this definition of concerted activity in Meyers Industries, it cautioned that "the definition of concerted activity [it] set forth ... [was] by no means exhaustive" and "acknowledge[d] the myriad of factual situations that have arisen, and will continue to arise, in this area of the law. Meyers Industries, 268 NLRB 493, 496-97 (1984) (Meyers I), remanded sub nom. Prill v. NLRB, 755 F.2d 941 (D.C. Cir. 1985), cert. denied 474 U.S. 948 (1985), reaffd. 281 NLRB 882 (1986) (Meyers II), enfd. sub nom. Prill v. NLRB, 835 F.2d 1481 (D.C. Cir. 1987), cert. denied 128 LRRM 2664 (June 20, 1988).

The NLRB has since found that "particularly in a group meeting context, a concerted objective may be inferred from the circumstances." In Re Caval Tool Div., 331 NLRB 858, 863 (2000) (quoting Whittaker Corp., 289 NLRB 933, 934 (1988)). Before filing his grievance, Plaintiff voiced numerous complaints, including a complaint after a training session that the training video depicted older employees in an unfavorable manner. Although Plaintiff did not voice his complaint during the training and in the presence of other employees, he complained about the training video directly after the group training. The Court finds that Plaintiff's objective in voicing such concerns can be "inferred from the circumstances," and in this case that Plaintiff intended to voice these concerns not only on his own behalf, but also on behalf of the group of employees present at the group training. Id. at 863.

The Court finds that Plaintiff was at least arguably retaliated against because of his involvement in concerted activities.

### ii. Local Interest

Plaintiff next claims that the concerted activities, voicing complaints and filing a grievance about age discrimination, are "merely of peripheral concern" to the NLRA and are "rooted in local interests" that the NLRB does not seek to preempt. MTD Opposition at 6-9.

**MEMORANDUM**

In Sears, the Court held that the trespass action the plaintiff brought in state court was distinguishable from the claim that could have been brought to the NLRB. 436 U.S. at 198. To determine whether the strike constituted a trespass under state law, the court would determine the location of the trespass. Id. In contrast, to determine whether the strike constituted a trespass under the NLRA, the NLRB would determine the objective of the trespass. Id. "Accordingly, permitting the state court to adjudicate [the plaintiff's] trespass claim would create no realistic risk of interference with the Labor Board's primary jurisdiction to enforce the statutory prohibition against unfair labor practices." Id.

Here, Plaintiff's state law retaliation claim is identical to the claim he could have presented to the NLRB. In both a case brought under state law and under the NLRB, the issue would be whether UWC unlawfully retaliated against Plaintiff for complaining and for filing a grievance, which he was allowed to file pursuant to his CBA. The risk of state interference is high and the exception is not applicable. Further, the NLRB is more than peripherally concerned with an employee's right to file a grievance when that right was bargained for in a CBA.

Because Plaintiff's retaliation claim arguably falls within the scope of the NLRA, this Court must defer to the exclusive jurisdiction of the NLRB and dismiss the claim with prejudice for lack of subject matter jurisdiction. Garmon, 359 U.S. at 245.

      **b.**    **Discrimination, Termination in Violation of Public Policy, Harassment, and Failure to Prevent Harassment Claims**

As discussed above, the NLRA only protects concerted activities. Mike Yourosek & Son, Inc., 53 F.3d at 264. Plaintiff's retaliation claim is based on his complaints to his employer and his grievance, which the Court held above constitutes concerted activity. Plaintiff's discrimination, termination, harassment, and failure to prevent harassment claims, in contrast, are not based on Plaintiff's participation in concerted activity, but are instead based on Plaintiff's age and on Defendant's conduct as a result of Plaintiff's age. These claims do not fall within the ambit of Sections 7 or 8 of the NLRA - which was created to allow workers to unionize and to engage in collective bargaining or other concerted activities - and are not preempted.

    **3.**    **Failure to State a Claim**

      **a.**    **Discrimination Based on Age**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

To state a prima facie claim for discrimination under FEHA, the plaintiff must demonstrate "'(1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggest[ing] discriminatory motive.'" Kelleher v. Hertz Corp., 479 F. App'x 778, 778-79 (9th Cir. 2012) (quoting Guz v. Bechtel Nat'l, Inc., 24 Cal. 4th 317, 355 (2000)).

"Section 12941, the specific FEHA provision addressing age discrimination in employment, makes it "an unlawful employment practice for an employer to . . . discharge, dismiss, reduce, suspend, or demote, any individual over the age of 40 on the ground of age. . . ." Esberg v. Union Oil Co., 28 Cal. 4th 262, 267 (2002). The court in Wilson v. Murillo explained what constitutes adverse employment actions:

> In the employment context, the adverse employment action threshold is met when the employer's action impact[s] the terms, conditions, or privileges of the plaintiff's job in a real and demonstrable way. In other words, a plaintiff must show that a reasonable person in the circumstances would have viewed it as a serious and material change in the terms, conditions, or privileges of employment. Examples include discharge, demotions, refusal to hire, nonrenewal of contracts, and failure to promote.
>
> At the other extreme, courts have found no adverse employment action where the complained-of conduct had no effect on the plaintiff's employment status.

163 Cal. App. 4th 1124, 1134-35 (2008) (internal citations and quotations omitted; alteration in original).

Where the alleged adverse employment action is an employee's termination, the employee must establish that he was "replaced by a substantially younger employee with equal or inferior qualifications." Nidds v. Schindler Elevator Co., 113 F.3d 912, 917 (9th Cir. 1997) (quoting Wallis v. J.R. Simplot Co., 26 F.3d 885, 891 (9th Cir. 1994), as amended on denial of reh'g (July 14, 1994)).

Plaintiff has not alleged facts to suggest that he was replaced by a substantially younger employee with equal or inferior qualifications and has therefore failed to allege the discriminatory motive element of his FEHA claim. His conclusory statement that "older-aged employees . . . were being terminated under circumstances where a younger employee would not be," FAC ¶ 15, is not sufficient. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

Nor has Plaintiff alleged sufficient facts to suggest that he suffered another adverse employment action aside from his termination because of his age that affected the terms,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**MEMORANDUM**

conditions, or privileges of his employment. Plaintiff alleges that he "was . . . written up when other younger employees would not be written up," FAC ¶ 17, but this does not constitute an adverse employment action. See Lambdin v. Marriott Resorts Hosp. Corp., No. CIV. 14-00345 SOM, 2015 WL 263569, at *3 (D. Haw. Jan. 21, 2015) ("[I]t is not at all clear that being written up, without more, constitutes an adverse employment action."). While Plaintiff states that he was "discriminated against in terms, conditions, or privileges of employment on the basis of his age," FAC ¶ 31, this conclusory statement, in isolation, is not sufficient to allege age discrimination.

Plaintiff's discrimination claim is DISMISSED with leave to amend.

### b. Wrongful Termination in Violation of Public Policy

Plaintiff fails to state a claim that he was terminated because of his age in violation of public policy. Because Plaintiff has failed to state a claim for age discrimination under FEHA, he cannot state a derivative claim of wrongful termination in violation of public policy. Sanders v. Arneson Products, Inc., 91 F.3d 1351, 1354 (9th Cir. 1996); Sneddon v. ABF Freight Sys., 489 F. Supp. 2d 1124, 1131 (S.D. Cal. 2007) ("[I]f the claim for age discrimination fails, plaintiff's cause of action for wrongful termination in violation of public policy fails because it is derivative of plaintiff's statutory claim under Government Code § 12940.").

Plaintiff's wrongful termination claim is DISMISSED with leave to amend.

### c. Harassment

As stated above, Plaintiff fails to state a claim for harassment against Grimm because he failed to exhaust his administrative remedies with respect to that claim. Plaintiff also failed to exhaust his administrative remedies with respect to this claim against UWC. Plaintiff does not address this issue in his Opposition. While Plaintiff identifies UWC in his DFEH complaint, he does not mention that he was harassed; he states only that he was terminated for filing a grievance and because of his age. Doc. 1, Ex. I. Courts have routinely ruled that employers cannot be held to be on notice of claims that are not sufficiently related to the claims identified in the DFEH complaint. Nazir, 178 Cal. App. 4th at 266-67.

Plaintiff's harassment claim is DISMISSED for lack of jurisdiction. Because Plaintiff has not exhausted his administrative remedies with respect to this claim, any amendment would be futile. Ross v. Kaiser Permanente, No. CV 14-09088-RGK JPRX, 2015 WL 1004985, at *4 (C.D. Cal. Mar. 5, 2015) ("Because Plaintiff did not exhaust his

administrative remedies by filing a claim with the . . . DFEH, the Court lacks subject matter jurisdiction over his . . . claims.").

Even if the claims had been exhausted, dismissal would be required. The conduct Plaintiff alleges does not constitute harassment. To state a claim of harassment, Plaintiff must allege "(1) he was a member of a protected class; (2) he was subjected to unwelcome . . . harassment; (3) the harassment was based on [age]; (4) the harassment unreasonably interfered with his work performance by creating an intimidating, hostile, or offensive work environment; and (5) [the defendants are] liable for the harassment." Thompson v. City of Monrovia, 186 Cal. App. 4th 860, 876 (2010). To establish that the harassment created a hostile work environment, Plaintiff must establish a repeated pattern of harassment. Id. The harassment cannot be "occasional, isolated, sporadic, or trivial." Id. (internal quotation omitted). Plaintiff points to Grimm's failure to take action after Plaintiff expressed complaints regarding the training video and UWC's treatment of older employees and Grimm's direction, on one occasion, to remove his grievance. Plaintiff also points to his suspension and ultimate termination after he was unable to produce a sufficient urine specimen as evidence of harassment. The Court finds that this does not rise to the level of severe or pervasive harassment that subjects an employer to liability on this basis. Thompson, 186 Cal. App. 4th at 876-877. Because Plaintiff cannot claim that UWC or Grimm harassed him, he certainly cannot claim that UWC failed to prevent "harassment." Dickson v. Burke Williams, Inc., 234 Cal. App. 4th 1307, 1314-17 (2015), as modified on denial of reh'g (Mar. 24, 2015), review denied (June 17, 2015).

### d. Failure to Prevent Harassment

Plaintiff also fails to state a claim that UWC failed to prevent harassment. Plaintiff failed to exhaust his claim that UWC failed to prevent harassment. While Plaintiff identifies UWC in his DFEH complaint, he does not claim that UWC failed to prevent harassment and instead states only that he was terminated for filing a grievance and because of his age. Doc. 1, Ex. I. Accordingly, the failure to prevent harassment claim is DISMISSED for lack of jurisdiction. Because Plaintiff has not exhausted his administrative remedies with respect to this claim, any amendment would be futile. Ross, 2015 WL 1004985, at *4.

### IV. CONCLUSION

Plaintiff's Motion to Remand is DENIED. UWC's Motion to Dismiss with respect to Plaintiff's retaliation, harassment, and failure to prevent harassment claims is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

GRANTED with prejudice. UWC's Motion to Dismiss with respect to Plaintiff's wrongful termination and discrimination claims is GRANTED with leave to amend.

An amended complaint must be filed and served no later than August 23, 2016. Failure to file by that date will waive the right to do so. The Court does not grant leave to add new defendants or new claims. Leave to add defendants or new claims must be sought by a separate, properly noticed motion. Defendants' response will be due by September 23. Leave to amend is granted only where specifically identified and only to cure the defects identified in this order.